# Exhibit D



# FACSIMILE COVER SHEET

**U.S. ATTORNEY'S OFFICE, SDNY**
**ONE ST. ANDREW'S PLAZA**
**NEW YORK, NY 10007**

AUSA Name: __Lauren Goldberg_____

AUSA Telephone No: ___(212) 637-1040_____

AUSA Fax No.: _____(212) 637-2937_____

Date: ____April 15, 2008_____

No. pages (including cover sheet):   **5**
Date sent:

"FOR OFFICIAL USE ONLY" U.S. ATTORNEY FACSIMILE COMMUNICATION

The information contained in this facsimile message, and any and all accompanying documents, constitute "FOR OFFICIAL USE ONLY" information. This information is the property of the U.S. Attorney's Office. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this information in error, please notify us immediately by telephone at the above number and destroy the information.

| To: | Paula Junghans & Andrew Goldfarb | 202- 822-8106 |
|-----|----------------------------------|---------------|
|     | Brian Linder & Isabelle Kirshner | 212-949-8255 |
|     | John J. Tigue, Jr. | 212-856-9494 |
|     | Peter H. Barrett | 228-868-1531 |
|     | Paul Bergman | 212-755-5509 |
|     | James Tucker | 601-985-4500 |
|     | Howard Heiss & Mark Racanelli | 212-326-2061 |

Fax No.:

REMARKS: _____



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 15, 2008

<u>By Fax and First Class Mail</u>

Paula M. Junghans, Esq.
Andrew Goldfarb, Esq.
Zuckerman Spaeder LLP
1800 M Street, NW
Washington, D.C. 20036-5802

James Tucker, Esq.
Peter Barrett, Esq.
Butler, Snow, O'Mara, Stevens, and Cannada
AmSouth Plaza
210 East Capitol Street
Suite 1700
Jackson, MS 39201

Howard Heiss, Esq.
Mark Racanelli, Esq.
O'Melveny & Myers, LLP
Times Square Tower
7 Times Square
New York, NY 10036

Brian Linder, Esq.
Isabelle Kirshner, Esq.
Clayman & Rosenberg
305 Madison Avenue
New York, New York 10165

John Tigue, Jr., Esq.
Kristy Milkov, Esq.
Morvillo, Abramowitz, Grand,
    Iason, Anello & Bohrer P.C.
565 Fifth Avenue
New York, NY 10017

Re:    <u>United States v. Coplan et al., S1 07 Cr. 453 (SHS)</u>

Dear Counsel:

We write in response to your letter dated March 24, 2008 requesting disclosure of various documents and items of information.[1] As you know, "[t]here is no general constitutional right to discovery in a criminal case." <u>Weatherford</u> v. <u>Bursey</u>, 429 U.S. 545, 559 (1977); <u>United States</u> v. <u>Evanchik</u>, 413 F.2d 950 (2d Cir. 1969) (a defendant in a criminal case has no "general

---

[1]    We are reviewing the other discovery letters we received and will respond to them separately.

Counsel List
April 15, 2008
Page 2

right of discovery"); United States v. McGuiness, 764 F. Supp. 888, 894 (S.D.N.Y. 1991); United
States v. Percevault, 490 F.2d 126, 130 (2d Cir. 1974) ("Rule 16 . . . was not intended to provide
the defendant with access to the entirety of the government's case against him"). Instead,
defendants are entitled only to that discovery permitted under Rule 16 or otherwise required
under Brady, Giglio, and the Jencks Act. See United States v. Abdel Rahman, 1996 WL 185735
at *2 (S.D.N.Y. Apr. 18, 1996). Your letter goes far beyond these bounds, running over sixteen
single-spaced pages and containing more than 80 numbered and lettered paragraphs and sub-
paragraphs. Such "indiscriminate, free-wheeling, shotgun demands are usually denied out of
hand." United States v. King, 49 F.R.D. 51, 53 (S.D.N.Y. 1970).

    The Government has and will continue to comply in good faith with its discovery
obligations. Indeed, as specifically stated in some of our letters, the Government has to date
provided discovery well beyond that required by Rule 16, including production of document
indices and various document databases that are sortable, word-searchable, and which contain
millions of pages of materials, in addition to a production of certain "core documents" the
Government identified during its investigation. The Government's production was made
available to you on a rolling basis well before your March 24, 2008 letter.[2]

    Your letter fails to acknowledge the Government's comprehensive discovery,
specifically requesting certain items (e.g. various categories of documents, statements of the
defendants and other items), which have either been produced or addressed in the Government's
discovery to date. Thus, we request that you review the discovery produced and the
accompanying letters, and let us know whether there are any materials requested in your letter
that are both (a) discoverable, and the authority for such request, and (b) not already produced.
We do, however, provide the following responses in connection with certain of your requests:

    a.    Footnote 1 of your letter requests production of statements made by all
          defendants during proffer sessions with the Government. As required by
          Rule 16, the Government has provided such statements to the individual
          defendant who made each statement. Please provide any legal authority
          you rely upon in making this broader request.

    b.    With respect to request #10, the Government is not aware of any searches,
          seizures or tracking devices used in connection with this investigation.

    c.    You have provided no authority to support request #15 for information
          regarding who attended the final Tax Division meeting where charging
          decisions were made. In any event, no member of the prosecution team

---

[2]    The Government's production of Rule 16 material is continuing as of this date.

Counsel List
April 15, 2008
Page 3

        (current or former) was present during such meeting.

d.     As indicated above, the Government's production of Rule 16 material is
ongoing. With respect to the entities and individuals listed in Exhibit A to
your letter, with the exception of some documents that fall plainly outside
the bounds of Rule 16, we will provide you with documents produced to
us by those parties. We are in the process of producing and continuing to
produce documents provided by E&Y, Jenkens & Gilchrist ("J&G"),
Arnold & Porter LLP, Sidley Austin LLP, Refco, and Bear Stearns & Co.,
Inc., among others. As we previously indicated, we will produce to you an
index of the J&G documents, as well as a description of the Deutsche
Bank documents provided to us by Deutsche Bank to assist in your review.

e.     As we previously indicated, IRS audit documents are being reviewed for
privilege. Earlier this week, IRS documents with redacted "DIF scores"
were made available. When the remaining privilege review is complete,
we will consider whether to provide you with a privilege log for any
documents withheld.

        Your letter also requests various items that are not discoverable at all, such as
"any documents that were printed out by the government during the course of its investigation of
this case, or presented to any grand jury hearing evidence in this case, but which are being
produced to the defendants in electronic (rather than paper) form." March 24, 2008 Ltr. p. 4.
This particular request is utterly inappropriate. While we would be happy to discuss the mutual
exchange of additional information beyond that required by Rule 16, we do not plan to
unilaterally provide you with the sort of detailed roadmap of the government's evidence and
investigative strategy that you have requested. This is particularly so since the Government has
produced voluminous discovery in a user-friendly format beyond what it is required to do under
the Rule, yet has not received a single page of reciprocal discovery from the defense.

        You also request various items, such as witness and exhibit lists, 3500 material
and impeachment material, and ask that the Government agree to the schedule set by Judge
Kaplan in the KPMG matter for the production of these items. These requests are premature, as
we are months from trial and the Government's investigation and trial preparation are ongoing.
While we would be happy to discuss with you a proposed schedule for the production of these
items, the Government will not agree to any schedule that restricts entirely the Government's
ability to supplement such productions beyond any original date agreed to by the parties.

        In your letter, you request disclosure of any evidence the Government intends to
offer pursuant to Rule 404(b) "as soon as possible." At the present time, we have not identified
any 404(b) evidence we intend to offer in evidence at trial, but will provide you with notice of

Counsel List
April 15, 2008
Page 4

any such evidence if, and when, we do so.

       With regard to your request for information regarding any improper disclosure of grand jury material, or other improprieties related to the grand jury, you have identified no basis for any claim that there has been improper disclosure, see United States v. Rioux, 97 F.3d 648, 662 (2d Cir. 1996) (outlining requirement for showing prima facie case of improper disclosure) and accordingly, we do not believe you have any right to discovery on this topic. See United States v. Wilson, 565 F. Supp. 1416, 1436 (S.D.N.Y. 1983) (Weinfeld, J.) ("[c]ounsel's unsupported view that abuses may have occurred in . . . the grand jury system is insufficient . . . to overcome the presumption of regularity of the grand jury proceedings and does not justify disturbing the traditional secrecy surrounding such proceedings"). In any event, we are not aware of any improper disclosure of grand jury material or any other impropriety related to the functioning of the grand jury.

       If you wish to provide additional authority to support your entitlement to any of the items you have requested, we will be happy to review it.

                Very truly yours,

                MICHAEL J. GARCIA
                United States Attorney
                Southern District of New York

By:

                Lauren Goldberg / Marshall A. Camp
                Assistant United States Attorneys
                (212) 637-1040/1035