# EXHIBIT B

# Civil Considerations in Pending Criminal Matters

## (31)610 (4-8-96)
### Priority of Criminal Cases

(1) **General Policy.**

(a) After the Criminal Investigation Division has referred a case to District Counsel (or, to the Assistant Chief Counsel (Criminal Tax)), with a recommendation for prosecution, or for consideration of prosecution related matters, and until the criminal aspects of the case are closed, no steps to protect the civil liability will be taken unless District Counsel, Regional Counsel, Assistant Regional Counsel (Criminal Tax) or the Assistant Chief Counsel (Criminal Tax), and, when appropriate, the Department of Justice, determines that such action will not imperil successful prosecution.

(b) **Balancing Criminal and Civil Aspects.** The criminal and civil aspects of a case do not present an "either/or" proposition. Rather, the criminal and civil aspects of a case should be balanced to the extent possible without prejudicing the criminal prosecution. Prosecution of related civil and criminal cases can cause complications, as well as being inefficient. See *Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962), cert. denied 371 U.S. 955 (1963), involving a refund case. [The trial court hearing the refund suit ordered broad discovery in favor of the taxpayer and then, when production of the documents was refused by the Government, granted summary judgment for the full amount asked by the taxpayer. The Fifth Circuit reversed, partly on the ground that the Government had not precipitated the refund suit by assessing a deficiency.]

(2) **Internal Revenue Policy. Internal Revenue Manual Policy Statement P-4-84 (approved 7-6-83).** This policy statement provides that:

(a) **Criminal and civil aspects in enforcement**—The purpose of criminal tax investigations is to enforce the tax laws and to encourage voluntary compliance. Experience has demonstrated that attempts to pursue both the criminal and the civil aspects of a case concurrently may jeopardize the successful completion of the criminal case. It is, therefore, necessary in the overall interests of enforcement of the law, to identify those instances when criminal actions generally will take precedence over the civil aspects.

(b) **Civil Enforcement actions on taxable periods of the same and other types of tax not involved in the criminal investigation**—Civil enforcement actions, including enforced collection activity, with respect to taxable periods of the same and other types of tax NOT INCLUDED in the criminal investigation generally do not imperil successful criminal investigation or subsequent prosecution. Therefore, civil enforcement actions for tax liabilities for such other taxable periods or different types of tax for the same periods will proceed concurrently unless the District Director or Assistant Commissioner (International) issues appropriately written instructions to withhold civil action in whole or in part during pendency of the criminal investigation.

(c) **Civil enforcement actions in matters involved in criminal investigation**—Civil enforcement actions with respect to the same taxable periods and same types of taxes for those periods included in the criminal investigation may imperil subsequent prosecution. Therefore, the consequences of civil enforcement actions on the criminal investigation and prosecution case should be carefully weighed, and in general, only such civil actions will be taken as the District Director or the Assistant Commissioner (International) shall approve in writing. However, there generally should be no suspension of collection action on assessed amounts of tax liabilities reported on filed returns.

(d) **District Counsel opinion obtained when doubt exists concerning effect on prosecution**—In the event there is doubt as to whether a proposed civil action would imperil prosecution, the opinion of the District Counsel shall be obtained.

(e) **District Director, Assistant Commissioner (International), or Regional Director of Appeals applies policy**—It is the responsibility of the District Director, the Assistant Commissioner (International), or the Regional Director of Appeals, as the case may be to take such steps as may be necessary to ensure application of this policy.

(f) **Civil enforcement actions after referral to District Counsel by District Director or Chief Counsel by the Assistant Commissioner (International)**—Civil actions concerning a case referred to Counsel for criminal pros-

MT (31)-44

(31)610
CCD Manual

ecution should generally be deferred until the criminal aspects are closed. However, if the Director determines that such deferral would imperil ultimate collection of the civil liability, and that the contemplated civil action would not adversely affect the criminal case, Counsel should be advised of the specific proposed action. Chief Counsel policy requires Counsel to notify the Director, expeditiously and without undue delay, of Counsel's concurrence of noncurrence with the proposed action. If Counsel and the Director do not reach an agreement, the matter should be forwarded to the Assistant Chief Counsel (Criminal Tax) for resolution.

(3) **General Considerations in Coordinating the Criminal and Civil Aspects of Cases.**

(a) Coordinating the criminal and civil aspects of cases involves exercise of judgment directed towards achievement of the overall mission of the Internal Revenue Service. This can best be accomplished by consultation and cooperation between the various offices of Chief Counsel and the Commissioner.

(b) Problems occur when key evidence is subpoenaed to be produced in different places and for different purposes, i.e., civil and criminal courtrooms, at same time. Moreover, responsibility for the criminal and civil aspects of a tax case is lodged in different functions of Chief Counsel and the Commissioner. Further, different rules of discovery apply in the United States Tax Court, and the United States Court of Claims, under the Federal Rules of Civil Procedure, and under the Federal Rules of Criminal Procedure.

(c) Consideration should be given to avoiding inconsistent positions between the civil and criminal aspects of the same case.

(d) Consideration of the civil aspects may arise in three separate stages in the processing of a criminal case:

1 In the Criminal Investigation Division, before referral to District Counsel, (see Internal Revenue Manual, Part IX, §§ 9324.31 and 9325 for applicable procedures prior to referral to District Counsel);

2 In the office of District Counsel, Regional Counsel, Assistant Regional Counsel (Criminal Tax) or the Assistant Chief Counsel (Criminal Tax), for consideration of criminal prosecution; and

3 With the Department of Justice or the United States Attorney, after referral to one of these offices.

(31)620  (9-20-90)
**Consents to Extend the Statute of Limitations on Assessment and Statutory Notices of Deficiency in Criminal Cases**

(1) Introduction.

(a) The criminal tax attorney is responsible for monitoring the civil statute of limitations and rendering decisions relative to the civil aspects of all pending criminal cases in his/her inventory.

(b) I.R.C. § 6501(a) provides that an assessment must be made within three (3) years of the filing of a tax return. Exceptions to this three year assessment period occur in the following cases:

1 A false return;

2 A willful attempt to evade tax;

3 Failure to file a return;

4 Extensions by agreement; or

5 Tax resulting from changes in certain income tax or estate tax credit.

In the above cases, the tax may be assessed at any time. See I.R.C. § 6501(c)(1) through (5).

(c) In addition, I.R.C. § 6501(e) provides that an assessment may be made within six (6) years of the filing of a return if the taxpayer omits from gross income an amount properly included therein which is in excess of 25% of the amount of gross income stated in the return.

(2) **Chief Counsel Procedures Prior to Referral of Case to the Department of Justice.**

(a) Through agreement with the Department of Justice, it is the normal practice within Counsel to solicit consents to extend the civil statute of limitations on assessment and collection, notwithstanding the fact that a decision has been made to refer the case to the Department of Justice for prosecution.

(b) Although the District Director is required to notify District Counsel at least sixty (60) days in advance of civil statute of limitations expiration for any case pending with District Counsel, the docket attorney to whom the case is assigned is expected to maintain a control record for all returns contained in the administrative file(s) assigned to him/her. Should the District Director fail to give the sixty (60) day advice, District Counsel will initiate a memorandum suggesting the solicitation of consents.